IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Vernon Mitchell, )
    Petitioner, )
     )
v. ) 1:12cv945 (TSE/TRJ)
     )
Harold Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Vernon Mitchell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on grounds that the Virginia Parole Board (VPB) violated his due process right by engaging in improper practices. Petitioner names Harold Clarke, Director of the Virginia Department of Corrections, as respondent in this action. As relief, petitioner requests a writ of habeas corpus ordering VPB and respondent immediately to release petitioner on parole. Respondent filed a Motion to Dismiss, and petitioner has responded and filed a Motion for Discovery. Thus, the matter is now ripe for disposition. For the reasons that follow, respondent's motion must be denied as to petitioner's first claim and granted as to petitioner's second and third claims.

## I. Background

Petitioner currently is incarcerated at Greensville Correctional Center ("GCC") and is serving a life sentence. On or about May 3, 2011, VPB interviewed petitioner for discretionary parole. By letter dated May 13, 2011, the VPB informed petitioner of its decision not to grant parole and stated, "[a]fter a review and evaluation of all available information pertaining to your case, the [VPB's] decision on May 10, 2010 is not to grant your parole for the reason(s) listed below." The letter cites "history of violence," the serious nature and circumstances of the underlying offense, "crimes committed," and "risk to the community."

Petitioner alleges that VPB violated his right to due process because (A) VPB did not furnish him a copy of the parole eligibility criteria; (B) his bid for release was not considered by four members of the Board; and (C) the Chairman's signature was a "rubber stamp" signature. A review of these claims discloses that claim (A) must await further briefing. Claims (B) and (C) must be dismissed.

## II. Standard of Review

When a state court or administrative agency has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court or agency's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court or agency decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

A state court or agency determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather

2

than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III. Analysis

Although an inmate has no constitutional right to be conditionally released before the expiration of a valid sentence, a state statute may create a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment. Hill v. Jackson, 64 F.3d 163, 170 (4th Cir.1995). This is not so, however, with respect to the Virginia parole statutes; they create no liberty interest in parole release. Id. Although inmates surely have an interest in parole consideration generally, there is no "protected liberty interest in the procedures themselves, only in the subject matter to which they are directed." Id. (quoting Ewell v. Murray, 11 F.3d 482, 488 (4th Cir.1993)). Because inmates have no liberty interest in parole release under Virginia law, they cannot have any liberty interest in the underlying procedures governing parole determination, provided the procedures themselves satisfy due process. Id. And to satisfy due process, the Parole Board need only make the criteria used by the Parole Board readily available to inmates being reviewed for parole and furnish such inmates with a written statement of its reasons for denying parole. See Franklin v. Shields, 569 F.2d 784, 793, 797 (4th Cir.1977); Fleming v. Murray, 888 F. Supp. 734, 739.

### A. Access to Parole Eligibility Criteria

The Motion to Dismiss must be denied as to petitioner's first claim that respondent did not provide petitioner with a copy of parole eligibility criteria. The Fourth Circuit has held that, to satisfy due process, VPB must furnish such inmates with a written statement of its reasons for denying parole and make parole eligibility criteria used by VSB readily available to inmates being reviewed for parole. See Van v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996); Franklin v. Shields, 569 F.2d 784, 793, 797 (4th Cir. 1977) ("[W]e are not persuaded that a statement of reasons for denial of parole is an adequate substitute for published criteria.").

3

In a sworn affidavit attached as an exhibit to the Motion to Dismiss, William W. Muse, Chairman of VPB, states, "[a]ll inmates have access to these guidelines as copies of the Parole Board's Administrative Policy and Procedures manuals are maintained in each institution's library." Muse Aff. ¶ 6. However, in his reply to the Motion to Dismiss, petitioner contends that the "new" Parole Board's releasing criteria was not available at GCC's law library. Petitioner includes a sworn statement by a fellow inmate stating the same and that he "requested several times to be afforded an opportunity to review the new Policy Manual . . . and was advised that this manual is not available at [GCC]" (emphasis in original). Petitioner submits that "had he received a copy of the new Parole Policy Manual, which includes the Parole Board's parole releasing criteria, he would have submitted different information in support of his applications to be released on discretionary parole . . . ."

When petitioner's allegations are assumed to be true, as is required when reviewing a motion to dismiss, the Motion must be denied as to petitioner's first claim, and respondents must file a properly supported motion for summary judgment as to this claim. Although petitioner requests as relief that he be released immediately on parole, it is noted that the appropriate remedy for this action—should petitioner's allegations regarding the unavailability of the criteria be correct—is that he be provided with the criteria and afforded a new hearing.

B. Make-up of Board and Chairman's Signature

The Motion to Dismiss must be granted as to petitioner's second claim that his bid for release was not considered by four members of the Board and his third claim that the Chairman's "rubber stamped" signature violates his right to due process. Due process requires only that petitioner be provided with a copy of eligibility criteria and a written statement of reasons for denying parole; therefore, these claims must be dismissed for failure to state a claim.

4

## IV. Motion for Discovery

As it is premature to allow discovery before ruling on respondent's Motion for Summary Judgment, petitioner's Motion for Discovery must be denied, without prejudice, as premature.

## V. Conclusion

For the above-stated reasons, respondent's Motion to Dismiss must be granted in part and denied in part. The Motion must be granted as to petitioner's second and third claims, and denied as to petitioner's first claim. The Motion for Discovery must be denied, without prejudice. An appropriate Order shall issue.

Entered this 11th day of April 2013.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge