IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

AUG 3 0 2013

| | | |
|---|---|---|
| Vernon Mitchell, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cv945 (TSE/TRJ) |
| | ) | |
| Harold Clarke, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Vernon Mitchell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on the ground that the Virginia Parole Board (VPB) violated his due process right by engaging in improper practices. As relief, petitioner requests a writ of habeas corpus ordering the Virginia Parole Board (VPB) and respondent to release petitioner immediately on parole. Respondent filed a Motion to Dismiss, which was denied as to the instant claim. Respondent was given thirty (30) days to file a properly-supported Motion for Summary Judgment concerning that claim, which it filed on May 9, 2013. Respondent gave petitioner the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and petitioner has replied. Thus, the matter is now ripe for disposition. For the reasons that follow, respondent's Motion for Summary Judgment must be denied, and this matter must be referred to the assigned magistrate judge.

I. Background

Petitioner currently is incarcerated at Greensville Correctional Center ("GCC") and is serving a life sentence. On or about May 3, 2011, VPB interviewed petitioner for discretionary parole. By letter dated May 13, 2011, the VPB informed petitioner of its decision not to grant parole and stated, "[a]fter a review and evaluation of all available information pertaining to your case, the [VPB's] decision on May 10, 2010 is not to grant your parole for the reason(s) listed

below." The letter cites "history of violence," the serious nature and circumstances of the underlying offense, "crimes committed," and "risk to the community."

Petitioner alleges that VPB violated his right to due process because VPB did not furnish him a copy of the parole eligibility criteria. In a sworn affidavit attached as an exhibit to the Motion to Dismiss, William W. Muse, Chairman of VPB, stated, "[a]ll inmates have access to these guidelines as copies of the Parole Board's Administrative Policy and Procedures manuals are maintained in each institution's library." Muse Aff. ¶ 6, ECF 10-2. However, in his reply to the Motion to Dismiss, petitioner contended that the "new" Parole Board's releasing criteria was not available at GCC's law library. Petitioner included a sworn statement by a fellow inmate stating the same and that he "requested several times to be afforded an opportunity to review the new Policy Manual . . . and was advised that this manual is not available at [GCC]" (emphasis in original). Petitioner submitted that "had he received a copy of the new Parole Policy Manual, which includes the Parole Board's parole releasing criteria, he would have submitted different information in support of his applications to be released on discretionary parole . . . ."

Respondent's Motion to Dismiss at the threshold was denied as petitioner's allegations were required to be taken as true for the purposes of that motion. Respondent was directed to provide additional information concerning the availability of the parole eligibility criteria. Respondent thereafter filed a Motion for Summary Judgment stating that, "[t]o the best of the knowledge of Greensville's law library supervisor, GCC has always maintained a copy of the VPB Policy Manual." Resp. Mem. 1, ECF No. 17. Respondent includes an affidavit from D. Kinsley, GCC's law librarian, stating the same. Kinsley Aff. ¶ 4, ECF No. 17-1. Respondent also attaches a copy of the manual to the Motion.

In response, petitioner maintains that a copy of the manual was not available to him and claims that "on May 6, 2013, Mrs. Kinsley placed said policy in the Law Library at [GCC] and that this policy is officially stamped received in the law library at [GCC] on May 6, 2013." Pet.

Br. 2, ECF No. 19. He includes a sworn affidavit from a fellow inmate, who states that he "was attending the law library when Mrs. Kinsley brought the policy in question to the law library. . . . Prior to [May 6, 2013], the Virginia Parole Board's Policy Manual had NOT been stocked in this law library . . . ." Lee Aff. ¶ 4, ECF No. 20 (emphasis in original). Attached to the affidavit is a copy of the policy manual, which is stamped with the notation "Received May 6, 2013" and "Greensville Corr. Ctr. Law Library." ECF No. 20 at 3.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when,

3

"the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Although an inmate has no constitutional right to be conditionally released before the expiration of a valid sentence, a state statute may create a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment. Hill v. Jackson, 64 F.3d 163, 170 (4th Cir.1995). This is not so, however, with respect to the Virginia parole statutes; they create no liberty interest in parole release. Id. Although inmates surely have an interest in parole consideration generally, there is no "protected liberty interest in the procedures themselves, only in the subject matter to which they are directed." Id. (quoting Ewell v. Murray, 11 F.3d 482, 488 (4th Cir.1993)). Because inmates have no liberty interest in parole release under Virginia law, they cannot have any liberty interest in the underlying procedures governing parole determination, provided the procedures themselves satisfy due process. Id. And to satisfy due process, the Parole Board need only make the criteria used by the Parole Board readily available to inmates being reviewed for parole and furnish such inmates with a written statement of its reasons for denying parole. See Franklin v. Shields, 569 F.2d 784, 793, 797 (4th Cir.1977); Fleming v. Murray, 888 F. Supp. 734, 739.

The Fourth Circuit has held that, to satisfy due process, VPB must furnish such inmates with a written statement of its reasons for denying parole and make parole eligibility criteria used by VSB readily available to inmates being reviewed for parole. See Van v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996); Franklin v. Shields, 569 F.2d 784, 793, 797 (4th Cir. 1977) ("[W]e are

4

not persuaded that a statement of reasons for denial of parole is an adequate substitute for published criteria.") (emphasis added).

Based on the submissions from both parties, there is a dispute of material fact, and respondent's Motion for Summary Judgment must be denied. Petitioner avers that the policy manual was not available in GCC's library until three days before respondent filed its Motion for Summary Judgment, and respondent swears that is was. Accordingly, pursuant to 28. U.S.C. § 636(b)(1)(C), this matter must be referred to the assigned magistrate judge to conduct a hearing, or take such other steps as he deems appropriate, and to submit a report and recommendation to ascertain whether the parole eligibility criteria were available in the law library during a particular period of time.

## V. Conclusion

For the above-stated reasons, respondent's Motion for Summary Judgment must be denied, and this matter must be referred to the assigned magistrate judge pursuant to 28. U.S.C. § 636(b)(1)(C).

Entered this 30th day of August 2013.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia