IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Vernon Mitchell,                    )
        Petitioner,                 )
                                    )
v.                                  )        1:12cv945 (TSE/TRJ)
                                    )
Harold Clarke,                      )
        Respondent.                 )

MEMORANDUM OPINION

Vernon Mitchell, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, on the ground that the Virginia Parole Board

(VPB) violated his due process right by engaging in improper practices. As relief, petitioner

requests a writ of habeas corpus ordering the Virginia Parole Board (VPB) and respondent to

release petitioner immediately on parole. Respondent filed a Motion to Dismiss, which was

denied as to the instant claim. Respondent then filed a Motion for Summary Judgment

concerning that claim, which was denied and the matter was referred to the assigned magistrate

judge to "conduct a hearing, or take such other steps as he deems appropriate, and to submit a

report and recommendation to ascertain whether the parole eligibility criteria were available in

the law library during a particular period of time." On December 18, 2013, respondent filed a

Supplemental Motion for Summary Judgment. Petitioner filed a reply. For the reasons that

follow, respondent's Supplemental Motion for Summary Judgment must be granted.

I. Background

Petitioner currently is incarcerated at Greensville Correctional Center ("GCC") and is

serving a life sentence. On or about May 3, 2011, VPB interviewed petitioner for discretionary

parole. By letter dated May 13, 2011, the VPB informed petitioner of its decision not to grant

parole and stated, "[a]fter a review and evaluation of all available information pertaining to your case, the [VPB's] decision on May 10, 2010 is not to grant your parole for the reason(s) listed below." The letter cites "history of violence," the serious nature and circumstances of the underlying offense, "crimes committed," and "risk to the community."

Petitioner alleges that VPB violated his right to due process because VPB did not furnish him a copy of the parole eligibility criteria. In a sworn affidavit attached as an exhibit to the Motion to Dismiss, William W. Muse, Chairman of VPB, stated, "[a]ll inmates have access to these guidelines as copies of the Parole Board's Administrative Policy and Procedures manuals are maintained in each institution's library." Muse Aff. ¶ 6, ECF No. 10-2. However, in his reply to the Motion to Dismiss, petitioner contended that the "new" Parole Board's releasing criteria were not available at GCC's law library. Petitioner included a sworn statement by a fellow inmate stating the same and that he "requested several times to be afforded an opportunity to review the new Policy Manual . . . and was advised that this manual is not available at [GCC]" (emphasis in original). Petitioner submitted that "had he received a copy of the new Parole Policy Manual, which includes the Parole Board's parole releasing criteria, he would have submitted different information in support of his applications to be released on discretionary parole . . . ." Pet'r's Resp. 5, ECF No. 12.

Respondent's Motion to Dismiss was denied as petitioner's allegations were required to be taken as true for the purposes of that motion. Respondent was directed to provide additional information concerning the availability of the parole eligibility criteria. ECF No. 25. Respondent thereafter filed a Motion for Summary Judgment, which was denied because there remained a genuine issue of material fact as to whether the parole eligibility criteria were available to petitioner prior to his parole eligibility hearing. ECF Nos. 24 & 25.

Respondent has now filed a Supplemental Motion for Summary Judgment stating that "in the interest of judicial efficiency, the Virginia Parole Board elected to voluntarily provide petitioner with a new parole hearing," and that as such this matter is now moot. Respondent includes a Supplemental Affidavit from William W. Muse, Chairman of the Virginia Parole Board, stating the same and that current VPC policies and procedurals manuals were accessible to petitioner prior to his "additional interview . . . on November 21, 2013." Muse Aff. ¶ 4.

In his reply, petitioner confirms that "he was provided a new version of the VPB parole eligibility criteria, and that he and his family were provided with an opportunity to present petitioner's case to the VPB." Pet'r's Resp. ¶ 2; ECF No. 36.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences

3

from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Those facts which the moving party bears the burden of proving are facts which are material.

"[T]he substantive law will identify which facts are material. Only disputes over facts which

might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when,

"the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v.

Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is

appropriate only where no material facts are genuinely disputed and the evidence as a whole

could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at

587.

### III. Analysis

It is well-settled that federal courts may only adjudicate cases or controversies under

Article III of the Constitution. See Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997)

("One of the bulwark principles of constitutional law is the 'cases' or 'controversies'

requirement for justiciability referred to in Article III."). To that end, "[t]he Supreme Court has

developed a number of constitutional justiciability doctrines from the text of Article III, Section

2, including the prohibition against advisory opinions, the political question doctrine, and the

doctrines of standing, ripeness, and mootness" to preserve the constitutionally mandated

separation of powers, conserve judicial resources, improve judicial decisionmaking by requiring

concrete controversies, and promote fairness by generally prohibiting the adjudication of the

rights of parties not before a court. United States v. McClure, 241 Fed. Appx. 105, 107 (4th Cir.

2007). Consistent with these general principles, the mootness doctrine requires that a claimant

suffer an injury-in-fact or continuing collateral consequence that is fairly traceable to the

4

challenged action or decision, and that a favorable decision would be likely to redress the injury. See Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009). In sum, where a favorable decision by the court would not redress a claimant's injury, then a case is moot and there is no jurisdiction.

Because Virginia's system of parole "gives rise to a limited interest in consideration for parole, but not in parole release," Burnette v. Fahey, 987 F. 3d 171, 181 (4th Cir. 2012), had plaintiff been able to show that he was denied due process during his original parole hearing, the appropriate relief would have been to grant him a new parole hearing – not release. See Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991) (en banc) (holding that a Virginia inmate does not have a liberty interest in parole release under Virginia's system of discretionary parole release); Burnette, 687 F. 3d at 181. Based on both parties' submissions, however, it is undisputed that respondent provided petitioner with an additional parole hearing on November, 21, 2013 and that petitioner was afforded the opportunity to review a current version of VPB's parole eligibility criteria prior to that hearing. Assuming without deciding that petitioner was deprived of due process at his earlier hearing, that is the only relief to which he is entitled. Indeed, petitioner concedes, "respondent has now provided to the petitioner any and all opportunities for parole consideration that could have been granted through this Court." Pet'r's Resp. ¶ 5. As such, his claim is now moot. See Townes, 577 F.3d at 554; see also Gonzalez v. Mayorkas, No. 13cv1230, 2014 WL 585863 *6 (E. D. Va. Feb. 12, 2014) (Ellis, J.) (holding petition was moot where petitioner already received the relief he requested). Thus, this Court lacks jurisdiction to hear plaintiff's claim and the case must be dismissed.

### IV. Magistrate Judge's Report and Recommendation

The assigned magistrate judge submitted a report and recommendation on April 9, 2014. Upon consideration of the April 9, 2014 Report and Recommendation of the United States

Magistrate Judge designated to conduct a hearing in this matter, no objections having been filed, and upon an independent *de novo* review of the record, the findings of fact and recommendation of the United States Magistrate Judge, as set forth in the March 4, 2014 Report and Recommendation will be adopted.

## V. Conclusion

For the reasons stated above, respondent's Supplemental Motion for Summary Judgment must be granted. An appropriate order will be issued.

Entered this ___6th___ day of ___August___ 2014.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

6